IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NAKISHA JACKSON § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-187-O |
| § | |
| TARRANT COUNTY CORRECTIONS § | |
| CENTER, ET AL. § | |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [DOC. 33] AND FINDINGS, CONCLUSIONS, AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

On February 24, 2021, *pro se* Plaintiff NaKisha Jackson ("Jackson") filed a form "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" in which she listed the following Defendants in the style of the case and in section 1.B. of the Complaint[1]: Tarrant County Corrections Center, City of Arlington Jail, and Arlington Police Department. (Plaintiff's Complaint ("Pl.'s Compl.") at 1-3.) She alleges claims for violations of 42 U.S.C. § 1983 (for violations of her First Amendment, Fourth Amendment, and Fourteenth Amendment rights), false arrest, and illegal detainment. (Civil Cover Sheet at 1; Pl.'s Compl. at 3.) In a separate section of the form Complaint where Jackson was asked to explain how each Defendant acted under color of state or local law to support her claims under 42 U.S.C. § 1983, Jackson also mentions, *inter* alia, "unknown officers of the Arlington Police Department, "Judge [Wendy] Cooper," and claims that the Tarrant County Clerk and Tarrant County Corrections Center "[c]onspired with a judge by email to add a fraudulent fugitive charge to illegally detain [her]" and "[m]ishandled the bail procedure and money." (Pl.'s Compl., Attachment, page 1-2.) On March 9, 2021, summonses

---

[1] Section 1.B. of the form Complaint, *inter alia*, states: "Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation."

were issued to the Arlington Police Department, the City of Arlington Jail, and Tarrant County Corrections Center [doc. 5].

Thereafter, on April 6, 2021, Tarrant County Corrections Center, Tarrant County Clerk, and Judge Wendy Cooper ("Judge Cooper") filed a Motion to Dismiss [doc. 8]. On April 9, 2021, Defendants Arlington Police Department and City of Arlington Jail also filed a Motion to Dismiss Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) [doc. 10]. In orders dated April 7, 2021 [doc. 9] and April 12, 2021 [doc. 13], the Court ordered Plaintiff to file a response to each of the motions. Instead of filing a response, Plaintiff filed several additional motions, which were subsequently denied by the Court.

Subsequently, on July 13, 2021, the Court issued a Findings, Conclusion, and Recommendation Regarding Defendants' Motions to Dismiss, noting that Plaintiff did not file a response as ordered by the Court. Plaintiff, also on July 13, 2021, filed a Motion to Strike. In the Motion to Strike, Plaintiff, *inter alia*, set forth her reasons why the Court should strike the above-listed Motions to Dismiss and stated that she did "not need to amend the complaint." (Plaintiff's Motion to Strike at 2.)

On July 19, 2021, the Court filed an Amended Findings, Conclusion, and Recommendation Regarding Defendants' Motions to Dismiss [doc. 33].[2] Thereafter, on September 1, 2021, the District Court issued an Order on the Amended Findings, Conclusions, and Recommendation Regarding Defendants' Motion to Dismiss requesting that the undersigned again review Defendants' Motions to Dismiss in light of the issues Jackson raises in her Motion to Strike. After reviewing Plaintiff's Motion to Strike (hereinafter referred to as Jackson's "Construed Response"),

---

[2] This order was amended to include a footnote.

the undersigned has determined that such motion be and is hereby construed as a response to the above-referenced Motions to Dismiss.

In Defendants Tarrant County Corrections Center, Tarrant County Clerk, and Judge Cooper's Motion to Dismiss ("TCCC, TCC, and Judge Cooper's Mot. to Dismiss"), they argue that all claims against them should be dismissed pursuant to FRCP 12(b)(1), (4), (5), and (6) for the following reasons:

(1) Tarrant County Corrections Center and the Tarrant County Clerk are non-jural entities that cannot be sued;

(2) Jackson's claims are barred under the *Younger* abstention doctrine;

(3) Judge Cooper is entitled to Eleventh Amendment Immunity;

(4) Jackson's claims against Judge Cooper and the Tarrant County Clerk (or Mary Louise Nicholson) are barred by judicial and quasi-judicial immunity;

(5) Jackson failed to state a plausible conspiracy claim;

(6) Jackson failed to state a claim against Tarrant County under *Monell*; and

(7) Process and service of process were insufficient.

(TCCC, TCC, and Judge Cooper's Mot. to Dismiss at 2-10.)  In Defendants Arlington Police Department and City of Arlington Jail's Motion to Dismiss Under FRCP 12(b)(6) ("Arlington PD and City of Arlington Jail's Mot. to Dismiss"), they argue the following:

(1) all claims against Arlington Police Department fail under *Monell*;

(2) Arlington Police Department and City of Arlington Jail are not jural entities capable of being sued;

(3) Jackson acknowledged that a warrant was issued for her arrest and, consequently, she does not have a viable claim against the arresting officers;

(4) Jackson pleaded she was arrested by a federal agent, which excludes any employee of the Arlington Police Department; and

(5) Jackson consented to being arrested in the absence of the physical warrant.

(Arlington PD and City of Arlington's Mot. to Dismiss at 1-14.)

3

In her Construed Response, Plaintiff claims, *inter alia*, that, as to service, Defendants improperly refused service by the process server on March 26, 2021. (Plaintiff's Motion to Strike ("Pl.'s Construed Resp.")) at 2. Plaintiff also states that "[s]pecific names of all officers and employees are not always necessary, as in Bivens vs Six unknown agents" and that she gets to choose who she sues, which is why Mary Louise Nicholson and Judge Cooper were not named as Defendants in the lawsuit. (Pl.'s Construed Resp. at 2.) In addition, Plaintiff states that she did not volunteer to get arrested but "asked the police to leave when they told me they did not have a warrant, and they refused to leave." (Pl.'s Construed Resp. at 2.) Plaintiff also argues that she was not a fugitive in Louisiana, as stated in the motion to dismiss, but that there was never a charge from Louisiana and that the Arlington police officer "explicitly said Texas had **no charges**." ((Pl.'s Construed Resp. at 2-3.) Furthermore, Plaintiff claims that she has stated a valid claim because she was arrested without a warrant, bail was set, paid, and then paid five more times and she was never released, and that while in jail she had no phone access and her lawyer was turned away. (Pl.'s Construed Resp. at 3.)

## I.     LEGAL STANDARD

FRCP 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with FRCP 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in

favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

## II.     ANALYSIS

In this case, the first issue for the Court is to clarify who Jackson intended to sue as Defendants. A careful review of Jackson's complaint, as well as her own statements in the Construed Response and other documents filed by Jackson indicates that Jackson only intended to sue Tarrant County Corrections Center, the City of Arlington Jail, and the Arlington Police Department.[3] Thus, the Court will only consider the arguments in the Motions to Dismiss relating to these three Defendants.[4]

---

[3] In her Certificate of Service attached to her Complaint, Jackson stated that she is "requesting Court Marshal Service of Summons and Complaint to the entities listed as the defendants and those named as the actors on behalf of the entity at those service locations." (Certificate of Service to Complaint [doc. 1] (emphasis omitted).) In a Certificate of Service [doc. 6] filed with the Court on March 17, 2021, Jackson further stated that she "served the summons and complaint via third-party priority mail carrier" to the following individuals: (1) Office to the Attorney General, Director of Law Enforcement, c/o Brent Dupre; (2) Al Jones, Chief of Police of the Arlington Police Department; (3) Wendy Cooper at Tim Curry Criminal Justice Center; (4) Mary Louise Nicholson, Tarrant County Clerk; and (5) Bill Waybourn, Tarrant County Sheriff's Office.

The Court notes, however, that FRCP 4, which sets forth the rules for service, often requires that the chief executive officer or some other individual officer or employee be served with a copy of the summons and of the complaint to properly effectuate service on entities such as corporations or local or state governments. Thus, service on an individual is not always an indication that such individual is a named Defendant in a suit.

In Jackson's Complaint and the Summonses issued by the Court, the only Defendants listed were Tarrant County Corrections Center, the City of Arlington Jail, and the Arlington Police Department. In addition, in her Motion for Order to Show Cause as well as in her Motion to Enter Default, Jackson states that Judge Cooper and Mary Louise Nicholson were served as nonparties and that she "served the office of the Atty General of the State of Texas, as supervisory/'CEOs' of the entities, as stated in the [FRCP]. (Plaintiff's Motion for Order to Show Cause ("Pl.'s Mot. for Order to Show Cause") at 7; Plaintiff's Motion to Enter Default ("Pl.'s Mot. to Enter Default") at 8.) Moreover, in both these motions, Jackson also states that neither "Judge Cooper, nor her court, are named defendants." (Pl.'s Mot. for Order to Show Cause at 9; Pl.'s Mot. to Enter Default at 11.) In addition, in her Motion for Default Judgment, Jackson states that she is seeking $5 million in damages and the "amount requested is to be equally divided between all **three** defendants." (Plaintiff's Motion for Default Judgment at 3 (emphasis added).)

[4] The Court notes that Defendants TCCC, TCC, and, Judge Cooper's motion to dismiss requested dismissal under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). Ordinarily, "[w]hen a 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However, in this case, there were no Rule 12(b)(1) arguments to address as all such arguments were made as to individuals that the Court determined were not intended to be Defendants in this suit or were made as alternative claim for relief, *i.e.*, the *Younger* abstention issue (which has been the subject of some debate whether it is a 12(b)(1) or 12(b)(6) issue). *See, e.g., Lively v. Tharp*, No. 5:20-CV-1311-OLG, 2021 WL 2930090, at *2 n.1 (W.D. Tex. June 29, 2021) ("Whether *Younger* abstention should be raised under Rule 12(b)(1) or 12(b)(6) is the subject of some dispute.")

All of Plaintiff's claims are against Defendants Tarrant County Corrections Center, the City of Arlington Jail, and the Arlington Police Department. However, "[a] plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence." *Halton v. Duplantis*, 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013), *report and recommendation adopted*, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2021 WL 1139746, at *2 (E.D. Tex. Feb. 22, 2021) (recommending dismissing Plaintiff's suit because Defendant Fort Worth Police is a non-jural entity that cannot be sued), *report and recommendation adopted*, 2021 WL 1123773 (E.D. Tex. Mar. 24, 2021). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The capacity of an entity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). "A plaintiff has the burden of showing that a [ ] department has the capacity to be sued. "However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (internal quotation marks omitted), *report and recommendation adopted*, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

In this case, Jackson has not alleged that any of the Defendants have been granted the power to sue or be sued. Thus, even if all of Jackson's allegations in her Complaint against the

Defendants are taken as true, without alleging that Defendants are jural entities, Plaintiff's complaint fails to state a claim upon which relief can be granted.[5] Consequently, the Court recommends that the suit against the Defendants be dismissed.[6]

The Court notes that it typically would recommend giving Plaintiff a final opportunity to amend her complaint to plead her "best case" as *pro se* plaintiffs who name a non-jural entity as a Defendant should be alerted and given an opportunity to amend before dismissal of the action. *See, e.g., Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). However, in this case, Plaintiff has been given multiple opportunities to file responses to Defendants' motions to dismiss and/or file an amended complaint. The Defendants raised the non-jural entity issue in both motions to dismiss. Thus, Plaintiff was properly alerted of this issue and filed several motions and other filings in response without addressing this issue. Moreover, Plaintiff specifically states in her Construed Response that she does "not need to amend the complaint." (Pl.'s Construed Resp. at 2.)[7]

---

[5] *See, e.g., Johnson v. Jail*, 4:16-CV-079-A, 2016 WL 416368, at *1 (N.D. Tex. Feb. 2, 2016) (finding the Mansfield Jail/Law Enforcement Center, Tarrant County Fort Worth Police Department, Tarrant County Sheriff's Department, and Tarrant County Jail were non-jural entities not capable of being sued); *Copeny v. City of Arlington*, No. Civ. A. 3:97-CV-2545-D, 1998 WL 119534, at 1, n.1 (noting that the Arlington Police Department was a non-jural entity not capable of being sued).

[6] To the extent that Jackson intended to sue Tarrant County, the City of Arlington, or the City of Fort Worth, the Court notes that municipalities and other local government entities are considered "persons" susceptible to suit under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A governmental entity, however, cannot be held liable under a theory of respondeat superior or vicarious liability. *Piotrowski*, 237 F.3d at 578. Instead, liability may be imposed against a local government entity under section 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, (2011) (quoting *Monell*, 436 U.S. at 692) (internal quotation marks omitted).

The Court, after liberally viewing Jackson's complaint in the light most favorable to Jackson, finds that even assuming Jackson had intended to sue a county or a municipality, Jackson has failed, at the very least, to allege that any county or municipality adopted an official policy or widespread custom that was the moving force in violating Jackson's constitutional rights. Thus, Jackson has not stated a plausible claim for relief against any county or municipality.

[7] Because the Court is recommending dismissal with prejudice against all three Defendants on the non-jural entity issue, it will not consider any other Rule 12(b)(6) issues raised in the Defendants' motions to dismiss.

In addition, any amendments Jackson makes as to listed Defendants would be futile as they are non-jural entities and cannot be sued (and she does not appear to be interested in naming a municipality or individual as an actual Defendant). Consequently, the Court finds that Plaintiff has pled her "best case" and recommends dismissal, as set forth above.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants Tarrant County Corrections Center, Tarrant County Clerk, and Judge Cooper's Motion to Dismiss [doc. 8] and Defendants Arlington Police Department and City of Arlington Jail's Motion to Dismiss [doc. 10] be **GRANTED** and all claims against them be **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Based on the foregoing, it is further **ORDERED** that Plaintiff's Motion to Strike [doc. 31] is **DENIED** but it has been construed by the Court as a response to Defendants' Motions to Dismiss.

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 22, 2021** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 8, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE